UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GUTIERREZ and STEPHANIE CRUZ, <br><br> *Plaintiffs,* <br><br> v. <br><br> EAST HILLS CHRSYLER-PLYMOUTH, INC.; CCAP AUTO LEASE, LTD.; SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL; REAL LEASE AUTO LEASING & SALES INC.; PLATINUM AUTO LEASING & SALES INC f/k/a KJM AUTO SALES INC.; and DOMINICK CRUZ, <br><br> *Defendants.* | 2:17-cv-6953 (SJF) (AKT) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY**

Evan S. Rothfarb
SCHLANGER LAW GROUP, LLP
9 East 40th St., Suite 1300
New York, NY 10016
T: 212.500.6114
F: 646.612.7996
E: erothfarb@consumerprotection.net
E. dschlanger@consumerprotection.net
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
PROCEDURAL POSTURE ......................................................................................................... 1
ARGUMENT .................................................................................................................................. 2
    I.    Plaintiff is Entitled to Default Judgment Against Defendant Based Upon the Well-Pleaded Allegations of the Complaint ........................................................ 2
        A.    Consumer Leasing Act, 15 U.S.C. § 1667, et seq. ("CLA") ........................... 3
        B.    Federal Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. ("ECOA") . 4
        C.    New York Motor Vehicle Retail Leasing Act, N.Y. Personal Property Law § 330, et seq. (MVRLA) ..................................................................................... 5
        D.    New York Deceptive Acts and Practices (N. Y. Gen. Bus. Law. § 349), ........ 6
        E.    Fraud ................................................................................................................. 7
        F.    Identity Theft (N.Y. Gen. Bus. Law §§ 380-s and 380-l) ................................. 8
        G.    Automobile Broker Law (N. Y. Gen. Bus. Law. §§ 736-742) ......................... 8
    II.    Plaintiffs Request an In-Person Inquest to Determine Their Damages. ................. 10
        A.    Mr. Gutierrez and Ms. Cruz Are Entitled to Reasonable Attorneys' Fees ..... 11
CONCLUSION ............................................................................................................................ 11

**PRELIMINARY STATEMENT**

      Plaintiffs Michael Gutierrez and Stephanie Cruz, by and through their attorneys, Schlanger Law Group, LLP, respectfully submit this memorandum of law in support of their application pursuant to Fed. R. Civ. P. 55(b) for entry of a default judgment as to liability against Defendant Real Lease Auto Leasing & Sales, Inc. ("Real Lease" or "Defendant"). Real Lease failed to plead or otherwise defend the above captioned action. Plaintiff further requests an in-person inquest to determine damages.

**PROCEDURAL POSTURE**

      This action was commenced on November 29, 2017, and seeks redress for violations of the Consumer Leasing Act ("CLA"), 15 U.S.C. §§ 1667 *et seq.*, the Federal Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691, *et seq.*, the New York Motor Vehicle Retail Lease Act ("MVRLA"), N.Y.P.P.L. §§ 330 *et seq.*, the New York General Business Law §§ 349, 380-s, and 742, and for common-law fraud. ECF Doc. 1.

      Defendant Real Lease was not party to the original Complaint or to the First Amended Complaint. *Id.*, ECF Doc. 35. Real Lease was added as a party-Defendant in the Second Amended Complaint. ECF Doc. 43. Real Lease was duly served with that Second Amended Complaint on August 3, 2018. ECF Doc. 45. Service was effectuated on Real Lease by in-hand service upon Nancy Dougherty, an authorized agent in the Office of the Secretary of State, State of New York, pursuant to New York Bus. Corp. Law § 306. *Id.*

      Real Lease did not answer or otherwise move with respect to the instant Complaint.

      On June 17, 2019, Plaintiffs submitted an application to the Clerk of Court for a Certificate of Default against Real Lease pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.1. ECF

Doc. 76. The Clerk of Court subsequently issued the Certificate of Default against Real Lease on that day. ECF Doc. 77.

**ARGUMENT**

    **I. Plaintiff is Entitled to Default Judgment Against Defendant Based Upon the Well-Pleaded Allegations of the Complaint**

The allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment. *Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Defendant, by its default, has therefore conceded all of the well-pleaded allegations of the Second Amended Complaint. ECF Doc. 43.

As alleged in the Second Amended Complaint, Defendant, or one or more agents or employees of Defendant:

- forged Ms. Cruz's signature on the Lease Agreement and fraudulently sought to obligate Ms. Cruz (instead of Mr. Gutierrez) to the Lease Agreement without her agreement or consent (*Second Amended Complaint* ¶¶ 17-20);

- did not apply Mr. Gutierrez's down payment of $2,500 to the first two months of lease payments per the agreed-upon terms at the time of signing, but instead pocketed some or all of the money, such that the Lease Agreement only reflected the $1,645.06 due at signing (*Id.* ¶¶ 39-42);

- did not provide Mr. Gutierrez with a written lease agreement to sign or with any of the required disclosures. Instead, Defendant only provided the disclosures to Mr. Gutierrez's brother and only upon his picking up the Vehicle at a later date (*Id.* ¶¶ 39, 43-44); and

2

- refused to rectify the above-mentioned errors when notified of them over the course of several weeks by both Ms. Cruz and Mr. Gutierrez (*Id.* ¶¶ 47-50).

As set forth below, Defendant's actions violated the Consumer Leasing Act, the Federal Equal Credit Opportunity Act, the New York Motor Vehicle Retail Leasing Act, the New York General Business Law, constitute common law fraud, and do entitle Plaintiffs to damages and attorney's fees.

### A.  *Consumer Leasing Act, 15 U.S.C. § 1667, et seq. ("CLA")*

Defendant violated the CLA by failing to give required disclosures and obligating them to unlawful provisions concerning the early termination liability.[1]

Specifically, the CLA requires lessors to give lessees various written disclosures prior to consummation of the consumer lease. 15 U.S.C. § 1667a; *see also* 12 C.F.R. §§ 213.4 and 213.3(a)(3).

Plaintiffs are lessees within the meaning of 15 U.S.C. § 1667(2). *Second Amended Complaint* ¶¶ at 82. Defendant is a lessor within the meaning of 15 U.S.C. § 1667(3). *Id.* at ¶ 81. The Lease Agreement is a "consumer lease" within the meaning of 15 U.S.C. § 1667(1). *Id.* at ¶¶ 84.

Defendant violated the CLA and Regulation M, 12 C.F.R. § 213, by, *inter alia*:

- failing to provide Plaintiffs with any of the written disclosures prior to the consummation of the lease as required by § 1667a and Regulation M; and

---

[1] Under the applicable provisions of the Consumer Leasing Act, 15 U.S.C. § 1667(b), as well as New York Motor Vehicle Retail Leasing Act, New York Personal Property Law § 341, the early termination fees charged to Plaintiffs constitute additional violations. However, for the purposes of Plaintiffs' motion for default judgment against Real Lease, Plaintiffs are electing to waive this separate violation of law. Nevertheless, to the extent default is not granted, Plaintiffs reserve their rights to pursue these claims.

3

- providing the §1667a disclosures only after the lease and only to Mr. Gutierrez's brother.

*Second Amended Complaint* at ¶¶ 80-89.

Defendant did not give Plaintiffs any of the required disclosures prior to the consummation of the lease. *Id.* at ¶¶ 39, 43. Instead, Defendant provided the required disclosures only after the consummation of the lease, and only provided the disclosures to Plaintiff Mr. Gutierrez's brother. *Id.* at ¶ 44.

As a result of the violations, Plaintiffs are entitled to actual damages, statutory damages, costs and attorney's fees. *Id.* at ¶ 89. 15 U.S.C. §§ 1667d and 1640(a).

### B. *Federal Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. ("ECOA")*

Defendant violated the ECOA by failing to provide Mr. Gutierrez with any written statement of reasons why his credit was insufficient to purchase the Vehicle. Specifically:

> "To prevail on an ECOA notice claim, a plaintiff must prove that:
>
> (1) [the defendant] is a creditor; (2) [the plaintiff] is a loan applicant,
>
> (3) [the defendant] took adverse action with respect to [the plaintiffs'] credit application, and (4) [the defendant] failed to provide the plaintiff with an ECOA-compliant notice of its adverse action."

*Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 527 (S.D.N.Y. 2015).

Defendant is a "creditor" under the meaning of 15 U.S.C. § 1691a(e) (defining the term "creditor" to include, *inter alia*, "any person who regularly arranges for the extension, renewal, or continuation of credit"). *Second Amended Complaint* at ¶¶ 28-38 (describing Defendant's credit-arranging activities).

4

Plaintiff Mr. Gutierrez is an "applicant" under the meaning of 15 U.S.C. § 1691a(b). See *Second Amended Complaint* at ¶¶ 28-34 (describing, *inter alia*, Mr. Gutierez's application for credit).

Defendant arranged for credit on Mr. Gutierrez's behalf and, after finding that Mr. Gutierrez's credit was sub-optimal, denied him a loan for an automobile lease. *Id.* ¶¶ 28-33. That constituted a denial of credit for which an explanation of the reasons why credit was denied is required pursuant to 15 U.S.C. § 1691(d)(2)(B). See *Second Amended Complaint* at ¶ 92. 12 C.F.R. § 202.9(a)(2); *see also Meeks v. Murphy Auto Grp., Inc.*, No. 8:09-CV-1050-T-TBM, 2010 WL 5174525 (M.D. Fla. Dec. 15, 2010) ("If the application is denied, the creditor must also provide a statement of the specific reasons why credit was denied or a notice of the right to such statement."), *aff'd,* 441 F. App'x 683 (11th Cir. 2011). Defendant never provided Mr. Gutierrez with such notice. *Second Amended Complaint* at ¶ 29, 93.

As a result of these violations, Defendant is liable for statutory damages, actual damages, punitive damages of $10,000, costs and attorney's fees. *Id.* at 95. 15 U.S.C. § 1691e(b) and (d).

### C. *New York Motor Vehicle Retail Leasing Act, N.Y. Personal Property Law § 330, et seq. (MVRLA)*

Defendant committed multiple deceptive acts in violation of the Motor Vehicle Retail Leasing Act. Specifically, the MVRLA required that Defendant provide all lessors with the Lease Agreement. NYPPL § 337(3). The MVRLA also expressly incorporates all CLA disclosure requirements. NYPPL § 337(5)(a). Defendant did not do so.

Specifically,

- Plaintiffs are "retail lessees" as defined by NYPPS § 331(2). *Id*. at ¶ 97.

- Defendant is a "retail lessor" as defined by NYPPL § 331(3). *Id.* at ¶ 99.

5

- The Lease Agreement at issue in this case is a "retail lease agreement" within the meaning of NYPPL §§ 331(4) and (5). *Id.* at ¶ 100.

- Defendant never provided Plaintiffs with the lease. *Id.* at ¶ 102.

- Defendant did not comply with the CLA's requirement that the statutorily mandated disclosures be provided at the time of consummation of the loan. *Id.* at ¶ 85-86.

As a result of these violations, Plaintiffs are entitled to actual damages, a civil penalty, attorney's fees and costs. *Id.* at ¶ 109; MVRLA § 346.

### D. *New York Deceptive Acts and Practices (N. Y. Gen. Bus. Law. § 349),*

Defendant committed multiple deceptive acts and practices in violation of the New York General Business Law § 349. As the Second Circuit has explained:

> "To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result."

*Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (citing *Oswego Laborers' Local 214 Pension fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995)). Plaintiff alleges each of these elements.

Specifically, Defendant:

- provided Mr. Gutierrez with the Vehicle pursuant to a forged lease bearing Ms. Cruz's name; and

- misappropriated some or all of Mr. Gutierrez's down payment.

See *Second Amended Complaint* at ¶¶ 40-2, 128-9.

These false and deceptive actions involve misleading conduct that is recurring and/or could easily recur and that could potentially impact similarly-situated customers, are directed at consumers, are "consumer-oriented" and are harmful to the public at large. *Id.* at 128- 9. See

6

*Oswego*, 85 N.Y.2d at 26-27 ("[P]laintiffs have satisfied the threshold test in that the acts they complain of are consumer-oriented in the sense that they potentially affect similarly situated consumers"); *Nick's Garage, Inc. v. Progressive Casualty Insurance Company*, 875 F.2d 107 (2d Cir. 2017) (conduct that "affects the public generally" is consumer-oriented within the meaning of § 349).

As a result of this willful and knowing misconduct, Plaintiffs have suffered pecuniary and non-pecuniary harm, and are entitled to actual damages, treble damages up to $1,000, costs and reasonable attorney's fees and declaratory judgment. *Second Amended Complaint* at ¶¶ 131 – 133; NYGBL § 349(h).

### E. *Fraud*

Defendant is also liable for common-law fraud. Under New York law, the elements of a prima facie case for fraud are:

> "(1) defendant made a representation as to a material fact; (2) such representation was false; (3) defendant[ ] intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance plaintiff sustained pecuniary loss."

*Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 488 (2007). See also *Loreley Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC*, 797 F.3d 160, 182 (2d Cir. 2015).

Defendant made false representations of a material fact to Plaintiffs by forging Ms. Cruz's name on the Lease Agreement. *Second Amended Complaint* at ¶¶ 37-45, 135. This false representation was made with an intent to deceive Plaintiffs. *Id.* at ¶¶ 47-50, 136-139. Plaintiffs believed and justifiably relied upon Defendant's representations, in that Plaintiffs had no reason

7

to know or expect that Ms. Cruz's identity would be stolen by Defendant and her name forged on the Lease Agreement; had Plaintiffs known of this intention, Mr. Gutierrez would not have entered into the Lease. *Id*. As a consequence of this reliance, Plaintiffs have sustained pecuniary and non-pecuniary damages. *Id.* at ¶ 140.

As a result of its fraud, Defendant is liable for actual damages, punitive damages and costs. *Id.* at ¶ 142.

### F. *Identity Theft (N.Y. Gen. Bus. Law §§ 380-s and 380-l)*

It is a violation of New York law to knowingly and with intent to defraud, obtain, possess, transfer, use, or attempt to obtain, possess, transfer, or use credit, goods, services or anything else of value in the name of another person without his or her consent. NYGBL § 380-s.

Here, Defendant violated the statute by knowingly and willfully placing Ms. Cruz's name on the Lease Agreement and forging her signature on it. *Second Amended Complaint* at ¶¶ 18, 37, 145.

Pursuant to 380-l, Defendant is liable for actual damages, punitive damages, attorney's fees and costs. *Id.* at ¶ 148.

### G. *Automobile Broker Law (N. Y. Gen. Bus. Law. §§ 736-742)*

As set forth in the Complaint, Defendant violated the New York State Automobile Broker law through a variety of misconduct.

As an initial matter, Defendant is in an "automobile broker business" and Plaintiffs are consumers within the meaning of NYGBL § 736(1) and (2).

Pursuant to NYGBL § 738(1), "every contract between a consumer and an automobile broker business for the purchase of an automobile shall be in writing. . . and shall be signed by the consumer and by the automobile broker business."

8

Pursuant to NYGBL § 738(4):

> An automobile broker business in any transaction involving the lease of a vehicle shall provide the retail lessee with a retail lease agreement as provided for in section three hundred thirty-seven of the personal property law. The automobile broker shall provide a written disclosure of the amount of any fee, commission or other consideration paid or expected to be paid by the lessor to the automobile broker business in connection with a transaction involving the lease of a vehicle. Such disclosure shall be signed by the retail lessee. The automobile broker business shall provide the retail lessee with a signed copy of such disclosure together with the retail lease agreement referenced herein.

Defendant was also required to issue multiple disclosures to Plaintiffs as part of the lease transaction pursuant to NYGBL §§ 731 and 741-b. Further, Defendant was required to provide a Notice of Cancellation informing Plaintiffs that they had a right to cancel their agreement, pursuant to NYGBL § 738(2). Additionally, automobile broker businesses are forbidden from soliciting, receiving or collecting from a consumer any fee or commission in advance of the performance of the contract. NYGBL § 737.

None of these requirements were met:

- Defendant did not provide the broker contract (*Second Amended Complaint* at ¶ 160);

- Defendant did not provide a copy of the Lease Agreement to Plaintiffs (*Id.* at ¶ 161);[2]

- Defendant did not provide Plaintiffs with the required Notice of Cancellation (*Id.* at ¶ 162);

- Plaintiffs were not provided with any disclosure stating the amount of fees, commissions or other valuable consideration Defendant was receiving (*Id.* at 163);

---

[2] Moreover, neither Ms. Cruz nor Mr. Gutierrez ever signed any such agreement. *See Second Amended Complaint* at ¶¶ 39-45.

9

- Defendant collected an undisclosed fee from Plaintiffs prior to performance of any services via the illicit pocketing of some or all of the $2,500 down payment paid by Mr. Gutierrez. *Id.* at ¶¶ 40-42, 165.

Due to these violations of the Automobile Broker Law, all agreements made between Plaintiffs and Real Lease are void and unenforceable against Plaintiffs pursuant to NYGBL § 739, and Plaintiff's are entitled to recover actual damages, treble damages, reasonable attorney's fees and costs pursuant to NYGBL § 742. *Second Amended Complaint* at ¶ 169-170.

## II. Plaintiffs Request an In-Person Inquest to Determine Their Damages.

Upon entry of a default judgment, the court is required to find an evidentiary basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *Cement and Concrete Workers Dist.*, 699 F.3d at 234; *See also Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 2002) ("Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages."); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Damages must be established by proof except where liquidated or easily calculatable, i.e. statutory damages. See *Sachs v. Nunziante*, No. CV151825JFBAKT, 2016 WL 4506731, at *3 (E.D.N.Y. July 21, 2016) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).

In addition to statutory damages and certainly out-of-pocket damages, Plaintiffs' damages include a variety of actual damages that are not easily calculatable, such as damages for emotional distress, sleeplessness, acute stress/anxiety, pain and suffering resulting in cognizable medical injury. Plaintiffs' damages also include treble and punitive damages. See *Second Amended Complaint* at ¶¶ 76-78, 95, 142, 148, 170.

For this reason, Plaintiffs request an in-person inquest to demonstrate the basis of their damages.

### A. *Mr. Gutierrez and Ms. Cruz Are Entitled to Reasonable Attorneys' Fees*

Plaintiffs are entitled to reasonable attorney's fees and costs under the CLA (15 U.S.C. §§ 1667d(a) and 1640(a)(3)); ECOA (15 U.S.C. § 1691e(d)); MVRLA (NYPPL § 346(5)(a)); and N.Y. Gen. Bus. L §§ 349(h), 380-l(c), and 742.

Because this case is still ongoing as against Real Lease, Plaintiffs will submit their fee petition (including attorney's fees and costs) no later than fourteen (14) days after the completion of the inquest on damages.

### CONCLUSION

For all of the reasons stated above, Plaintiffs respectfully request that a default judgment be entered as against Defendant Real Lease as to liability, with damages to be established at an in-person inquest to be held before this Court, and that Plaintiffs' fee petition be scheduled no later than 14 days following the completion of the inquest.

Dated: July 26, 2019

Respectfully Submitted,

*/s/ Evan S. Rothfarb*
Evan S. Rothfarb
SCHLANGER LAW GROUP, LLP
9 East 40th St., Suite 1300
New York, NY 10016
T: 212.500.6114
F: 646.612.7996
E: erothfarb@consumerprotection.net
*Attorneys for Plaintiffs*
